Our next case for this morning is Joseph Degroot against Client Services, Incorporated, 2010-89, and we begin with Mr. Stern. May it please the court, Client Services collection letter implies that interest and other charges might accrue, but because this is a static debt, the accrual of interest and other charges cannot come to pass. Do you think that's a fair reading of this letter? I know that's a big premise in your argument, and some district courts have so understood it, but when I look at this, and I see interest zero, other charges zero, and then I add to that the statement in the offer, no interest will be added to your account balance through the course of Client Services, Inc.'s collection efforts, it does seem like a stretch to read that as saying the opposite, that you might get interest or charges. Where do we draw that inference from? Several things. First of all, by the mere fact that it's included, that the inclusion of those lines in the itemization table. Lines that were not necessary, that have no legitimate purpose here, because neither interest nor other charges can accrue on this debt. So what about the idea from the Consumer Financial Protection Bureau, these are just forms, and the fields get filled in with either numbers, or I suppose you could put in not applicable, or N-slash-A, which I take it you would regard as a better option, but it's just, I wonder how realistic it is to put so much weight on the fact that it says zero instead of N-slash-A. Well, here's where I think it is, and I note that the actual proposal, obviously nothing's been adopted by the CFPB yet, but their proposal is not to use a dollar sign 0.0, but just to have a zero, a null, basically in that line, and I think that's different. There was no explanation in the CFPB's brief about specifically that, but the indication that it would not apply, and interestingly is the CFPB goes on to say, and I'll quote it, it's So you start with, we're supposed to look at these letters from the position of an unsophisticated consumer. We start with the position that the unsophisticated consumer, based on that consumer's life experiences, level of education, that we approach that from the position that they're presuming that interest and fees are common additions, and so now they see a placeholder for it, and even though interest and fees have not yet accrued, they've now sort of said is, here's a place where they could accrue in the future, and then they say, contrary to what the prior debt collector had said, they now say is, oh, interest won't be a time offer, and if you don't accept it, the deal's off the table, and as part of that is, when we're done with this, then it goes back and interest might be accruing. But how do they know? I was curious why you think that client services is in a position to make a guarantee about what all future debt collectors are going to do. Do they really know that? Well, the debt collector really doesn't make the decision as to whether interest accrues. Right. So how can client services assure a debtor that nobody else is ever going to try to impose a fee or interest? Well, first of all, the facts that we have on because that it would apply. So if somebody was going to apply it, that would be improper in and of itself, and we've gone through that. So was the district court correct in finding that interest may still accrue on charged-off debt? No, it was not correct. Well, as to other debts, I won't speak, but as to this debt, no, the court was not correct. First, we pointed out, and I don't know that it makes that much of a difference, the court relied upon Wisconsin law, and I think it's pretty clear Wisconsin law probably does not apply to this account, but what the court talked about was accrual of interest, but no consideration of the fact that, as we've alleged here, is this was a debt that was never going to accrue interest. Some of the reasons going to it is that Capital One does not accrue interest once they charge off the debt. We also have the prior collection agent of the creditor making an affirmative statement that no interest or other charges will accrue on this debt in the future. So I think under state law, there is a waiver of whatever right may have existed. Our understanding is that by charging off the debt, it creates an issue of an accounting issue is because you're charging it off your books as a valuable receivable, and therefore, there's no place to account for the receivable for additional interest. But aside from that is, you've got the Truth in Lending Act, which prohibits the collection of any kind of finance charge unless periodic billing statements are being sent. So all those factors... Wasn't Judge Griesbach talking about not finance charge so much as if a debt were reduced to judgment, then state law, I don't think it's only Wisconsin law, but state law normally allows an interest at the statutory rate to accrue on an unsatisfied judgment? Judge Wood, when you started your question, my side froze. Oh, I'm sorry. Wasn't Judge Griesbach's hypothetical was if this debt were reduced to judgment, then many states, perhaps most, after a judgment is entered, have a statutory rate of interest for the judgment until it's collected. So he was thinking that this could wind up being more than $425.86 if all of those things would happen. Right. So we've explained as a matter of law, and this is sort of rolling back to, stretch back to law school days, is this account, this debt doesn't exist when a judgment's entered. It merges into the judgment. The judgment is a new liability. It's absolutely separate. So there's no interest that accrues on this account when a judgment's entered. It's a question of whether statutory interest can be added to the debt, a question of law or of fact. I know that the plaintiff, I know, you know, alleged in the complaint that the debt is static, but we need not credit legal conclusions on a motion to dismiss. So is this a fact question or a legal question or is it a mixed question of law and fact that cannot be resolved on a motion to dismiss? Well, I think it depends on what the theory is. I think there's a legal component to it and there's also a factual component. So if the factual component is that Capital One no longer, is there a waiver? Obviously, waiver is a legal conclusion, but the facts that support whether there's waiver is a factual issue. But then the question about whether the statements made about a past due account, whether the consequences of a judgment that might be entered based upon a claim on that account, whether the accruals on that judgment is an accrual on the account, I guess could be a question of law, but I think we've presented it basically, the account, the debt doesn't exist once the judgment's entered. It's under the doctrine of merger with respect to how judgments are handled. Okay, I'm going to interrupt you now, Mr. Stern. Say if you want to save any for rebuttal, you should stop now. Okay, then let me reserve the rest of the time. Thank you. Very good. Mr. Martin. Xerces Martin on behalf of Client Services Incorporated. Looking at this letter at issue in this case, no one can point to anything in this letter and say that is false or misleading. The balance is not false. The amount of interest comprising in the balance being zero is not false. The amount zero for other charges is not false. Well, how do you explain, Mr. Martin, the rather substantial number of district courts who've looked at essentially this letter? I mean, it's equivalent. And they've said, if you're going to put that line in with a dollar amount in it, why wouldn't somebody who is in the unfortunate position of getting debt collector letters think, well, this month it's zero, but next month it may be $5 or $10 or something? What is it that assures you that this? And then there's also a line for other charges, which is not something that is addressed in the statement in the account resolution offer. The only thing you're promising is not to add interest to the balance. So why couldn't people who are unsophisticated but able to draw inferences think that there might be money due that's not going to be charged? One point to your inquiry, Your Honor, is that the letter does include that statement that interest will not accrue on this debt while in place with client services. But it doesn't say other charges. It doesn't say and no late fees or and no collection costs or no whatever other kind of fees you have. Judge Wood, we did not hear your question. The court's feed was interrupted. Yes, I could see that. I said, you're right, it says no interest, but I don't see any place where it says and we won't add late fees or we won't add collection fees or we won't add other charges. And that was an issue that was addressed in Duarte versus Client Services Incorporated where the court did find a 12B6. It did argue that other charges did state a plausible claim if they could or could not be included. But what that leads me to and which I wanted to argue today is I think where all of these courts are coming out with different opinions on these types of cases, these types of letters, is each district court and this actual court are trying to compartmentalize each debt at issue as a static or not static debt or static versus dynamic debt. And that's where we are running into so many differentiations of case law. Right. If the district courts at Afghanistan... Wait, we have a freeze again. Hang on for a second. It's missed. Start over again. Consumers surveys obtained in discovery, you know, that would help to resolve this issue. I do think that the content of this letter does, under 12B6, fail to state a claim for relief. And Judge Roper, you inquired earlier about what, like, can debts accrue interest or other charges and whether Judge Griesbach was correct or incorrect in stating that this debt could possibly accrue interest. And Judge Griesbach noted in his opinion, and then we put in our motion to dismiss as well, that he cited a case, Peters v. Financial Recovery Services, that a debt is charged off does not necessarily imply that the debt would be perpetually stacked. And looking at that case law and Mr. DeGroote's arguments is under 12B6 standard, it is not a permissible inference to believe that this debt will never change, as already discussed as... We have a freeze again. ...accrue interest, whether pre-judgment, post-judgment, depending on state laws. There can be court laws. And I do appreciate Mr. Stern's argument regarding that, how a debt can presumably be merged into a judgment. But I don't think that's fair to assume that a unsophisticated consumer would go that far to make those legal conclusions. If the letter said no interest will accumulate for now, would that imply that interest could accumulate in the future? I don't believe so, because that kind of goes to failure to state a claim. And then our previous argument regarding standing essentially, or is there an actual injury in is it only leaves hypothetical. So Alliance 1's letter said interest and fees are no longer being added to your account. So I suppose if you really wanted to be troublesome, you could say, but they might perk up again someday. They're no longer being added, but we might change our mind. And I do think that is still a fair statement because of what I was just saying about if Chase or Credit One, Capital One, any type of creditor decides to file a lawsuit on the debt to recover the debt, the complaint in that lawsuit will likely say we seek to recover pre-judgment interest, post-judgment interest. And those are amounts interest that would subsequently be added to the actual debt that went unpaid. How much litigation like this is there around the country? Plenty. And I think you can see just based on the numerous cases, and you can see based on just numerous cases cited in all of the briefs here, that I'm we're looking at what I would consider a narrow range of cases. And I think that's a pretty narrow issue in just letters. And there has been plenty of opinions on. One thing I would like to say is in this letter, they include an itemization. The CFPB in their brief discusses how they propose an itemization. The collection agencies providing an itemization are giving the consumers more information than not information. One of the cases cited in the briefs that had been ruled on by this court was a case where it simply said current balance x amount. And it was argued that saying current balance alone implies that that balance could increase in the future. And that was misleading. And so, and that goes back to, again, my argument about static versus dynamic debt is it's unfair to try to characterize these debts at the time of the whether or not these fees may increase or decrease. But what happens in this letter, client services gives Mr. DeGroote as much information about his debt at the time the letter is sent as possible, breaking down that this amount, the principal does not have any interest that it does not have any other charges added to it. This is the amount that's due. And while we are in the process of collecting it, no interest will be added. Okay. Anything further? Nothing from client services, Your Honor, unless anyone on the panel has any questions for me. I don't see any, so thank you. And we'll go back. Mr. Stern, I think you were bumping up against the end, but I'll give you a minute to rebut. And how does your client spell his last name? Does he capitalize the G or not? You're not, the audio is not on. You have to unmute. There we go. There we go. Yep. Does he capitalize the G? No, it's not a capital G. Lowercase. Okay. Thank you. Okay. Yeah. So, in our reply brief at page seven, we created a chart to compare the Alliance One letter to the client services letter. And I don't think there's any way you can look at those, compare them and say that these letters say the same thing about this debt in terms of accrual of interest and other charges. They're markedly different. And you want to come back to Mr. Stern? Yes. Is it your position that if client services included the line that Alliance did, that this every dollar goes toward paying off your balance, and then that would take care of this case? Yeah, I think that a recombination. Yes. Are you suggesting that we ought to issue an opinion suggesting that is the language that ought to obtain in these cases? Well, I'm not saying that that's the language. Oh, you're saying there's a difference between the Alliance and the client services letter. So, I'm asking you, if we were to suggest that that sentence, that every dollar goes toward paying off your balance, it wouldn't matter what zeros are on the line? I think I would agree. I would like, I think that the two sentences together, but yes, I would agree that stating that conveys, because our position has been that you could either include those, our preferred position is don't include the lines for interest at all. I think that these form letters can be easily programmed to omit them when it's a static debt. But if you are going to include it, like the CFPB suggested, say N.A. or say something that indicates that interest and fees don't apply to this account. I could see that including that language about every dollar going to paying down the debt could be sufficient. I'm going to assume that's fair enough. I want a direct answer on whether that's sufficient. We have a lot of these cases, and it would help us if the attorneys could speak a little more specifically to what kind of language is going to save this litigation from going on and on. And that's what I'm asking, Mr. Stern. You are a very capable lawyer in this area. N.A., where they had the zeros, or a statement that says, you know, please be advised, notwithstanding the above chart, you know, that interest does not accrue on this debt. You say notwithstanding. So is your suggestion it's okay to show the zeros, or are you suggesting we should never show the zeros? Well, my premise is never show the zeros. But if they're saying, if client service and debt collectors are saying when they're programming these form letters that they can't put N.N.A., they either have to show zero or a number, then I would say is then you need something, some kind of language that is clear that informs the consumer that the account, that this account does not accrue interest because of the implication that by now having created the placeholder and that interest is not accruing. I think that's the language that needs some clear language. You know, so I'd say in sort of three levels of priorities, I would say is program it so that the lines don't, aren't there. Number two is if the lines are there, put N.A. And number three is if you're going to put zeros in, then some, a sentence, I think it doesn't have to be terribly complex. Is it your position that an unsophisticated consumer would know that N slash A next to zeros would be, would tell him or her that there's no danger of further charges? Well, not next to the zeros, but in place of the zeros. Yes, I don't think that that's a stretch to assume that that's what an unsophisticated consumer would understand. That there's no dollar amount there. It just says N.A. You know, and I would sort of follow, you know, the CFPB has proposed that and we don't see a problem with that proposal of putting N.A. there. How about not applicable? Is that better than not applicable? It would certainly be better, but I don't know if they'd have enough space in their chart to do it, but if they had enough space, sure, that would be much clearer. Thank you. All right. Well, I think you're out of time, Mr. Stern. So, thank you very much. Thank you, Mr. Martin. The court will take this case under advisement.